UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>BASF T.O.V.<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 22 Misc._____ |

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

KELLNER HERLIHY GETTY & FRIEDMAN, LLP
Eugene Getty
*Attorneys for BASF T.O.V.*
470 Park Avenue South—7th Floor
New York, NY 10016-6819
Telephone: (212) 889-2121
Email: efg@khgflaw.com

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii-iii |
| PRELIMINARY STATEMENT | | 1 |
| RELEVANT BACKGROUND | | 3 |
| ARGUMENT | | 5 |
| I. | STANDARD FOR GRANTING RELIEF | 5 |
| II. | APPLICANT MEETS SECTION 1782'S STATUTORY REQUIREMENTS | 6 |
| | A. The Respondents reside or are found in this district | 6 |
| |    1. Legal standard | 6 |
| |    2. The Discovery sought in this Application proximately results from the Respondents' contacts with the Southern District of New York | 7 |
| | B. The Discovery sought is for use in a proceeding in a foreign tribunal | 10 |
| | C. Applicant is an Interested Person | 11 |
| III. | APPLICANT MEETS THE *INTEL* DISCRETIONARY FACTORS | 11 |
| IV. | APPLICANT SHOULD NOT BE REQUIRED TO GIVE NOTICE TO THE UKRANIAN DEFENDANTS, THE DISCOVERY TARGETS, AND THE RESPONDENTS | 13 |
| CONCLUSION | | 16 |

# TABLE OF AUTHORITIES

| | Page |
|---|---|
| *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76 (2d Cir. 2012) | 5-7,12 |
| *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113 (2d Cir. 2015) | 10 |
| *Edelman v. Taittinger (In re Edelman)*, 295 F.3d 171 (2d Cir. 2002) | 6 |
| *Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095 (2d Cir. 1995) | 14 |
| *First Am. Corp. v. Price Waterhouse Ltd. Liab. P'ship*, 154 F.3d 16 (2d Cir. 1998) | 9 |
| *Gucci Am., Inc. v. Weixing Li ("Gucci III")*, 135 F. Supp. 3d 87 (S.D.N.Y. 2015) | 9 |
| *Gushlak v. Gushlak,* 486 F. App'x 215 (2d Cir. 2012) | 5,6,10 |
| *In re Application of Sarrio, S.A.*, 119 F.3d 143 (2d Cir. 1997) | 13 |
| *In re del Valle Ruiz*, 2019 U.S. App. LEXIS 30002 (2d Cir. 2019) | 5-7, 12 |
| *In re Gorsoan Ltd.*, 2020 WL 409729 (S.D.N.Y. 2020) | 10 |
| *In re Hornbeam Corp.*, 2015 U.S. Dist. LEXIS 142361 (S.D.N.Y. 2015) | 5,10,11 |
| *In re Mangouras,* 2017 WL 4990655 (S.D.N.Y. 2017) | 10 |
| *In re O'Keeffe,* 650 F. App'x 83, 85 (2d Cir. 2016) | 5 |
| *In re Olga Kurbatova,* Case No. 18-mc-469 (S.D.N.Y. 2018) | 14 |
| *In re Reyes*, 2019 WL 6170901 (S.D.N.Y. 2019) | 14 |
| *In re Speer*, 754 F. App'x 62 (2d Cir. 2019) | 14 |
| *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) | 5,6,10-13,16 |
| *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 244 (2d Cir. 2018) | 6 |
| *Licci v. Lebanese Can. Bank, SAL*, 20 N.Y.3d 327 (2012) | 8,9 |
| *Licci v. Lebanese Canadian Bank*, 732 F.3d 161 (2d Cir. 2013) | 9 |
| *Malmberg v. United States*, 2010 WL 1186573 (N.D.N.Y. 2010) | 14 |
| *Mees v. Buiter,* 793 F.3d 291 (2d Cir. 2015) | 5,10 |
| *Nike, Inc. v. Wu ("Nike I")*, 349 F. Supp. 3d 310 (S.D.N.Y. 2018) | 7,9,10 |
| *Nike, Inc. v. Wu ("Nike II")*, 349 F. Supp. 3d 346 (S.D.N.Y. 2018) | 7,9 |
| *Ragusa v. United Parcel Serv.*, 2008 WL 4200288 (S.D.N.Y. 2008) | 14 |
| *Symeou v. Hornbeam Corp. (In re Hornbeam Corp.)*, 722 F. App'x 7 (2d Cir. 2018) | 5,13,14 |

# STATUTES, RULES, & OTHER AUTHORITIES

| | |
|---|---|
| 28 U.S.C. § 1782 ................................................................................................ | 1,5-8,10-14,16 |
| 28 U.S.C. § 1782(a) ........................................................................................... | 5,6,11,12 |
| Federal Rule of Civil Procedure 45 ................................................................... | 14 |
| N.Y. Banking Law § 200 .................................................................................... | 8 |

Applicant BASF T.O.V, by and through its undersigned counsel, Kellner Herlihy Getty & Friedman LLP, submits this memorandum of law in support of its *ex parte* Application for judicial assistance pursuant to 28 U.S.C. § 1782.

## **PRELIMINARY STATEMENT**

Applicant submits this Application pursuant to 28 U.S.C. § 1782, seeking an order authorizing discovery from certain entities found in this District that are in the business of processing wire transfers in New York City,[1] for use in the Ukrainian Proceedings.[2]

Applicant is an affiliated entity of BASF, a leading industrial multinational in the chemicals sector providing financial support to agricultural businesses. Sytenko Decl., ¶¶2, 5-6. On November 13, 2017, Applicant entered into a contract for the supply of agrochemicals with Bershad, guaranteed by Agrarian Alliance, Motoviltex, and Dibrova—all related entities to Bershad or its beneficial owner, Mr. Zulynskyi. *Id*. ¶¶8-13. When Bershad defaulted on the Supply Agreement, Applicant agreed to negociate the repayment of the outstanding debt. *Id*. ¶¶14-16. Notwithstanding their obligations to repay the Debt, the Ukrainian Defendants failed to make the required payments, and the Debt remains outstanding. *Id.* ¶¶4, 14-17.

On April 8, 2020, Applicant commenced civil and criminal legal proceeding against Bershad and the Guarantors, for breach of contract, repayment of the Debt, and criminal fraud. *Id.* ¶¶3,4, 43-48.

---

[1] Applicant seeks discovery from Citibank, N.A.; The Bank of New York Mellon; Société Générale, New York Branch; HSBC Bank USA, N.A.; BNP Paribas USA; JP Morgan Chase Bank, N.A., Barclays Bank PLC; Deutsche Bank Trust Co. Americas; The Bank of Nova Scotia, New York Agency; UBS AG; Bank of America, N.A.; Standard Chartered Bank US; Commerzbank AG, New York Branch (collectively the "New York Banks"); and The Clearing House Payments Company LLC ("TCH") (collectively, the "Respondents"). (Sytenko Decl., ¶49.)
[2] Unless otherwise indicated, capitalized terms or names not otherwise defined herein shall have the meaning ascribed to them in the Declaration of Grygoriy Sytenko dated December 31, 2021, and the Declaration of Eugene Getty dated January 10, 2022.

Investigations led by Applicant revealed that the Ukrainian Defendants and Mr. Zulynskyi were involved in a series of fraudulent financial transactions and suspicious activities, leading Applicant to reasonably believe that the Ukrainian Defendants and/or Mr. Zulynskyi have caused a number of entities and individuals to enter into transactions or take steps aimed towards rendering the Ukrainian Defendants judgment-proof, to the detriment of Applicant's rights. *Id*. ¶¶18-42.

Applicant intends to bring additional Intended Claims in the Ukrainian Proceedings sounding in civil fraud, in that the Ukrainian Defendants and their beneficial owner at all relevant times, Mr. Zulynskyi, with the help of affiliates and officers, committed civil fraud against Applicant, by engaging in fraudulent efforts to dissipate their assets and render themselves judgment proof against Debt collection and statutory demands by the Applicant, causing the Applicant further damage. *Id*. ¶¶4, 46. The instant Application is necessary to advance Applicant's Intended Claims Whereby Applicant intends to show the Ukrainian Court that Bershad has concealed and intentionally destroyed its property in order to defraud Applicant and avoid repayment of the Debt, and will help identify the fraudsters that should be named in the criminal part of the Ukrainian Proceedings. *Id.* and ¶¶43-53.

The evidence sought through this Application—records relating to wire transfers routed through the Respondents in New York City and documents relating thereto—is critical to plead and prove Applicant's Intended Claims and obtain the complete picture of the Ukrainian Defendants' movement of funds. *Id.* ¶¶49-53. This evidence will additionally assist the Applicant in its efforts to identify entities or individuals who may have engaged in suspicious transactions with the Ukrainian Defendants and Zulynskyi's affiliated entities and proxies, and

may have assisted them in dissipating and concealing their assets in order to avoid repayment of the Debt. *Id.*

The New York Banks act as correspondent banks in this District for wire transfers passing from domestic to international banks, and vice versa, including banks in Ukraine where the Discovery Targets are based. Sytenko Decl. ¶¶7-12, 51; Getty Decl. ¶¶8-23. TCH provides both transmission of instruction messages and settlement of funds between financial institutions that are used to process international funds transfers. Getty Decl. ¶24. It is highly likely that records of wire transfers, payments, and data are held by the Respondents in New York and that these records will be relevant and probative in the Ukrainian Proceedings. Sytenko Decl. ¶¶50, 53.

For the reasons set forth below, Applicant respectfully requests that the Court grant the Application.

## RELEVANT BACKGROUND

### General background

The facts relevant to this Application are set forth below and in the Sytenko Declaration. The facts stated in the Sytenko Declaration are incorporated herein by reference.

Applicant is a party to the Ukrainian Proceedings where it seeks the recovery of the Debt. Sytenko Decl. ¶¶4, 46. Applicant intends to bring additional Intended Claims in the Ukrainian Proceedings sounding in civil fraud, in that the Ukrainian Defendants and their beneficial owner at all relevant times, Mr. Zulynskyi, with the help of affiliates and officers, committed civil fraud against Applicant, by engaging in fraudulent efforts to dissipate their assets and render themselves judgment proof against Debt collection and statutory demands by the Applicant, causing the Applicant further damage. *Id.*

**Nature of evidence sought**

Applicant seeks to obtain meaningful documentary and testimonial evidence located in this District from the Respondents, which are found in this District and are in the business of processing wire transfers and payments, and will have processed wire transfers and payments, relevant and probative to the issues in the Ukrainian Proceedings—namely that that the Ukrainian Defendants entered into transactions of value with funds that should have been and (or) still can be used to satisfy the Debt owed to Applicant resulting in, or took step towards, misappropriating their assets or otherwise becoming judgment proof in fraud of Applicant's rights. Sytenko Decl., ¶¶49-53. Accordingly, the evidence sought is critical to satisfy Applicant's Intended Claims.

The Respondents are commonly known to act as correspondent, intermediary, or otherwise clearinghouse for U.S. Dollar-denominated wire transfers passing from domestic banks to international banks, and vice versa, including banks in Ukraine. Getty Decl., ¶¶8-24. The discovery sought in this proceeding directly relates to the Respondents' clearing business in this District—namely, wire transfers for which the Respondents were involved as originating bank, beneficiary bank, intermediate or correspondent bank to CHIPS, Fedwire, or where the Respondents otherwise facilitated interbank funds transfers, as well as documents relating thereto. Sytenko Decl., ¶¶52-53.

The Respondents keep electronic records of wire transfers and are thus able to easily search and produce these records in connection with domestic litigation, foreign bankruptcy matters and Section 1782 applications, and produce such records routinely. Getty Decl., ¶¶25-27.

# ARGUMENT

The Court should grant this *ex parte* Application[3] because Applicant satisfies all of the statutory prerequisites for a 28 U.S.C. § 1782 action, and the discretionary factors all favor granting this Application.

## I.   STANDARD FOR GRANTING RELIEF

Section 1782 provides for "assistance in obtaining documentary and other tangible evidence as well as testimony." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 (2004). The statute provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." *In re del Valle Ruiz*, 2019 U.S. App. LEXIS 30002 (2d Cir. October 7, 2019), quoting 28 U.S.C. § 1782(a).

Courts have distilled §1782's language into a two-part test consisting of a mandatory component and a discretionary component for granting relief. *First*,

> A district court is authorized to grant a § 1782 request where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.

*Symeou v. Hornbeam Corp. (In re Hornbeam Corp.)*, 722 F. App'x 7 (2d Cir. 2018); see also *Mees v. Buiter,* 793 F.3d 291 (2d Cir. 2015), citing *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76 (2d Cir. 2012).

---

[3] Courts in the Second Circuit routinely handle §1782 requests on an *ex parte* basis. *In re Hornbeam Corp.*, 2015 U.S. Dist. LEXIS 142361 (S.D.N.Y. 2015), *aff'd*, *Symeou v. Hornbeam Corp. (In re Hornbeam Corp.)*, 722 F. App'x 7 (2d Cir. 2018) (collecting cases, and noting that "[d]istrict courts may and customarily do resolve applications for discovery pursuant to § 1782 through *ex parte* proceedings" and that there is a "widespread recognition that § 1782 applications are properly handled *ex parte*"); see also *In re O'Keeffe,* 650 F. App'x 83, 85 (2d Cir. 2016), quoting *Gushlak v. Gushlak,* 486 F. App'x 215 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.")

*Second*, "[t]o guide district courts in the decision to grant a Section 1782 petition, the Supreme Court in *Intel* discussed non-exclusive factors (the '*Intel* factors') to be considered in light of the 'twin aims' of section 1782..." *In re del Valle Ruiz*, 2019 U.S. App. LEXIS 30002, citing *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 244 (2d Cir. 2018). Those factors are (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.*, citing *Intel*, 542 U.S. at 264-65.[4]

## II. APPLICANT MEETS SECTION 1782'S STATUTORY REQUIREMENTS

### A. The Respondents reside or are found in this district

#### 1. Legal standard

Section 1782 does not define "found." *In re del Valle Ruiz*, 2019 U.S. App. LEXIS 30002. However, "§ 1782(a) supports a flexible reading of the phrase 'resides or is found.'" *Id.*, citing *Edelman v. Taittinger (In re Edelman)*, 295 F.3d 171 (2d Cir. 2002). The Second Circuit has "repeatedly recognized Congress's intent that §1782 be 'interpreted broadly' […]" (*Id.*,

---

[4] The Court's discretionary analysis should be guided by the twin congressional policy aims of § 1782. *Brandi-Dohrn,* 673 F.3d 76, 81 (2d Cir. 2012) ("District courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.") (internal citations omitted); *Gushlak*, 486 Fed.Appx. at 218 (same); see also *Intel*, 542 U.S. at 252 (rejecting additional requirements to granting relief as they "would disserve § 1782's twin aims.")

citing *Brandi-Dohrn*, 673 F.3d 76) and held that the "statutory scope of 'found' extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, *supra*.

Noting that the Supreme Court has not addressed specific jurisdiction over nonparties, the Second Circuit held that:

> where the discovery material sought proximately resulted from the respondent's forum contacts, that would be sufficient to establish specific jurisdiction for ordering discovery. That is, the respondent's having purposefully availed itself of the forum must be the primary or proximate reason that the evidence sought is available at all. On the other hand, where the respondent's contacts are broader and more significant, a petitioner need demonstrate only that the evidence sought would not be available but for the respondent's forum contacts.

*In re del Valle Ruiz*, 2019 U.S. App. LEXIS 30002.

2. <u>The Discovery sought in this Application proximately results from the Respondents' contacts with the Southern District of New York</u>

This Court has repeatedly granted applications pursuant to Section 1782 seeking intermediary bank discovery from the New York Banks and TCH. Getty Decl., ¶¶27-37. The discovery sought here directly relates to their contacts with this District, as described in the Getty Declaration. *Id.*, ¶¶4-24. *Nike, Inc. v. Wu*, 349 F. Supp. 3d 310 (S.D.N.Y. 2018) ("*Nike I*"), *aff'd*, *Nike, Inc. v. Wu*, 349 F. Supp. 3d 346 (S.D.N.Y. 2018) ("*Nike II*"). Specifically, the discovery sought here is records relating to wire transfers, payments, and documents relating thereto routed through the Respondents in New York City revealing transactions of value made with funds that should have been used to satisfy the Debt owed to Applicant. Sytenko Decl., ¶53. The New York Banks act as worldwide correspondents in New York City to process U.S. Dollar denominated wire transfers. Getty Decl., ¶¶9-23; see also <u>Ex. D</u> to Getty Decl., excerpts from the Accuity Worldwide Correspondents Bank Directory. It appears from the Worldwide Correspondents Bank Directory, that the banks processing U.S. Dollar denominated wire transfers passing from

7

international banks, including banks located in Ukraine, are virtually all located in New York City and include most of the New York Banks.[5]

The Respondents not only conduct business in this district, but also have long-established connections to New York. They each maintain headquarters or branches in this District and have previously accepted and responded to subpoenas in Section 1782 applications, initiated by Applicant's New York counsel. Getty Decl., ¶¶28-29. In addition, the New York Banks are either participants in the Clearing House Interbank Payments System ("CHIPS"), the Federal Reserve's Fedwire Fund Service ("Fedwire"), or a major participant in the clearing of international U.S. Dollar denominated transfers. *Id*., ¶¶9-23; Exs. A-B to Getty Decl. Almost all New York Banks are registered with the New York Department of Financial Services to do business in New York, as required by N.Y. Banking Law § 200. *Id*.; Ex. E to Getty Decl.

The Respondents' ability to conduct business and process wire transfers and payments, is completely dependent upon their extensive use of their contacts in New York and the subject of the discovery sought through this Application.

In addition, the New York Court of Appeals has recognized the "widespread use of correspondent accounts nominally in New York to facilitate the flow of money worldwide, often for transactions that otherwise have no other connection to New York, or indeed the United States." *Licci v. Lebanese Can. Bank, SAL*, 20 N.Y.3d 327 (2012) ("*Licci III*"). Therefore, the repeated use of a correspondent account in New York, in effect, a "course of dealing" show "purposeful availment of New York's dependable and transparent banking system, the dollar as a

---

[5] *See* for example Ex. D to Getty Decl. at p. 1401, the correspondent banks for U.S. Dollar are "Citibank, N.A., **New York City**," "Deutsche Bank Trust Company Americas, **New York City**," "JPMorgan Chase, Bank N,A., **New York City**," and "The Bank of New York Mellon, **New York City**." (Emphasis added).

stable and fungible currency, and the predictable jurisdictional and commercial law of New York and the United States." *Licci v. Lebanese Canadian Bank*, 732 F.3d 161 (2d Cir. 2013) ("*Licci IV*"), quoting *Licci III,* 20 N.Y.3d 327. Relying on *Licci III* and *Gucci III*, Chief Judge McMahon in *Nike II*, held that "the Banks' establishment and maintenance of correspondent accounts was sufficient to support the exercise of personal jurisdiction over the Banks for purposes of the Subpoenas." *Nike II*, 349 F. Supp. 3d 310. "This alone would be sufficient to establish that the Banks have sufficient minimum contacts with the forum, as 'the selection and repeated use of New York's banking system … constitutes purposeful availment of the privilege of doing business in New York.'" *Nike I*, 349 F. Supp. 3d 310, quoting *Gucci Am., Inc. v. Weixing Li*, 135 F. Supp. 3d 87 (S.D.N.Y. 2015) ("*Gucci III*") (internal quotation omitted).

Here, the discovery sought—wire transfers and documents relating thereto, revealing transactions of value made with funds that should have been used to satisfy the Debt owed to Applicant, for which the Respondents were involved as originating bank, beneficiary bank, intermediate or correspondent bank to CHIPS, Fedwire, or otherwise facilitated interbank funds transfers—proximately results from their forum contacts with this District. Sytenko Decl. ¶¶49-53.

Moreover, the Respondents would not suffer hardship as they are "simply required to produce" limited records maintained in this District. *Nike I*, 349 F. Supp. 3d 310 ("Here, as in *Gucci III*, such burdens are either 'minimal or non-existent,' as all of the Banks have physical branches in the forum, and can be no stranger to litigation in it […]") (internal citation omitted); see also *First Am. Corp. v. Price Waterhouse Ltd. Liab. P'ship*, 154 F.3d 16 (2d Cir. 1998). Given the lighter burden placed on the Respondents in the discovery context—who are asked only to provide evidence, not to defend their conduct or risk damages or other penalties—it is

wholly consonant with due process to authorize Applicant to conduct discovery on the Respondents, as the burden is "minimal or non-existent." *Nike I*, 349 F. Supp. 3d 310.

Therefore, Applicant has satisfied the first requirement under § 1782.

**B.     The Discovery sought is for use in a proceeding in a foreign tribunal**

Section 1782 expressly provides that evidence collected may be "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). *Gushlak v. Gushlak*, 486 F. App'x 215 (2d Cir. 2012); see also *In re Gorsoan Ltd.*, 2020 WL 409729, at *6 (S.D.N.Y. 2020), quoting *Mees*, 793 F.3d at 299 ("an appplicant may seek discovery of any materials that can be made use of in the foreign proceeding to increase her chances of success."). Applicant satisfies this statutory requirement because the discovery sought through the instant Application is for use in a pending proceeding before a foreign tribunal. Sytenko Decl. ¶¶2-4, 43-53.

A Section 1782 application can be made as long as the foreign proceeding is "within reasonable contemplation" at the time the 1782 application is filed, but need not be pending or imminent. *Intel*, 542 U.S. 241, 248; see also *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 116 (2d Cir. 2015) ("It is not necessary for the adjudicative proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding"). Seeking information to plead or prove a claim that has already been identified and articulated with particularity is be authorized under Section 1782. *In re Mangouras,* 2017 WL 4990655 (S.D.N.Y. 2017); see also *In re Hornbeam Corp.*, 722 F. App'x 7 (A foreign proceeding was reasonably contemplated where the applicant represented in a sworn declaration that it intended to initiate litigation and articulated a theory on which it intended to litigate); *In re Gorsoan*, 2020 WL 409729, at *6 (holding that Section 1782 permits asset discovery for use in a foreign proceeding).

Grygoriy Sytenko, counsel for Applicant in the Ukrainian Proceedings, explains in his Declaration that Applicant brought civil and criminal proceedings against the Ukrainian Defendants wherein Applicant intends to bring additional civil fraud claims whereby Applicant intends to show the Ukrainian Court that the Ukrainian Defendants have concealed and intentionally destroyed their property in order to defraud Applicant and avoid repayment of the Debt, with the help of several related entities and persons. Sytenko Decl. ¶¶4, 46, 47. Applicant has therefore identified and articulated with particularity the Intended Claims that is intends to bring in the pending Ukrainian Proceedings before the Ukrainian Court. The discovery sought will also help Applicant identify individuals related to the companies, which received money transfers from Bershad and affiliated entities, and should be named defendants in the pending criminal proceedings. *Id.*, ¶48.

In light of the foregoing, Applicant meets the second requirement under Section 1782.

### C. Applicant is an Interested Person

A person who has "participation rights" and "possesses a reasonable interest in obtaining judicial assistance … qualifies as an interested person within any fair construction of that term." *Intel*, 542 U.S. at 256-7 (2004) (internal citations omitted); see also *In re Hornbeam Corp.*, 2015 U.S. Dist. LEXIS 142361.

Here, Applicant clearly possesses a reasonable interest in obtaining the assistance requested as the plaintiff in the Ukrainian Proceedings. Sytenko Decl. ¶¶4, 43.

Therefore, Applicant meets the third statutory requirement under 28 U.S.C. § 1782(a).

## III. APPLICANT MEETS THE *INTEL* DISCRETIONARY FACTORS

As noted above, once the District Court has determined that the mandatory requirements for relief under Section 1782 are met, the Court is free to grant discovery in its discretion. *In re*

*del Valle Ruiz*, 2019 U.S. App. LEXIS 30002. Additionally, that discretion must be guided by the twin policy aims of Section 1782: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts. *Brandi-Dohrn*, 673 F.3d at 81. Here, these discretionary factors weigh in favor of granting the requested relief.

*First*, there is no expectation that any of the Respondents will be participants in the Ukrainian Proceedings. Sytenko Decl. ¶55. As such, this Application constitutes the only practical and timely method for obtaining the needed evidence for use there. *Id*. Indeed, absent the relief sought here, the evidence would almost certainly remain outside the reach of the Uktainian courts. *Id*. Thus, since the Respondents will likely not be parties to the Ukrainian Proceedings, the need for the evidence sought herein through the instant Application is more apparent and this factor weighs in favor of granting recognition. *Intel*, 542 U.S. at 264 ("the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.")

*Second*, there is no indication that the foreign tribunal would be unreceptive to the evidence. Sytenko Decl. ¶56.

*Third*, the documentary and testimonial evidence sought through the instant Application would likely be admissible in the Ukrainian Proceedings and does not otherwise circumvent any proof-gathering restriction under the laws of Ukraine. *Id.* Even if the documents were not used as evidence in that proceeding, the Second Circuit has held that Section 1782(a) contains no requirement that particular evidence be admissible in a foreign proceeding to be considered "for use in a proceeding in a foreign or international tribunal." *Brandi-Dohrn*, 673 F.3d 76, 77.

*Fourth*, this Application is not unduly intrusive or burdensome because it is of limited

scope. Sytenko Decl., ¶57. The proposed requests to the Respondents, demonstrated in the sample subpoena attached as Exhibit A to the Application, seek limited records relating to wire transactions for which the New York Banks were involved as originating bank, beneficiary bank, intermediate or correspondent bank to CHIPS, Fedwire, or where the New York Banks and TCH otherwise facilitated interbank funds transfers, as well as documents relating thereto, for the limited period beginning January 2018 to the present. *Id*. This short period is likely within the Respondents' document retention policies and the documentary evidence sought is of the type that Respondents regularly and easily retrieve and produce as third parties or actual parties in litigation. *Id*.; Getty Decl. ¶¶25-27.

For the foregoing reasons, each discretionary factor identified by the *Intel* Court weighs in favor of granting the Application.

## IV. APPLICANT SHOULD NOT BE REQUIRED TO GIVE NOTICE TO THE UKRAINIAN DEFENDANTS, THE DISCOVERY TARGETS, AND THE RESPONDENTS

Applicant respectfully requests that it not be required to serve the Application upon (i) the Ukrainian Defendants, (ii) the Discovery Targets, or (iii) the Respondents. Applicant further requests that, should the Court grant this Application, Applicant not be required to serve (i) the Ukrainian Defendants or (ii) the Discovery Targets, with the order granting the Application and the subpoenas issued to the Respondents. Sytenko Decl., ¶58.

As explained above, District Courts in the Second Circuit routinely handle §1782 requests on an *ex parte* basis. *In re Hornbeam Corp.*, 722 F. App'x 7. Courts have also held that "the ultimate target of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." *In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997). However, service on the party or

parties against whom the discovery is likely to be used is not mandatory. While Federal Rule of Civil Procedure 45 requires service of third-party subpoenas on parties to the underlying litigation and the Federal Rules of Civil Procedure govern subpoenas issued under 28 U.S.C. § 1782, it is within the Court's authority to "order otherwise." *In re Hornbeam Corp.*, 722 F. App'x 7; see also *In re Reyes*, 2019 WL 6170901, at *1 (S.D.N.Y. 2019).

Courts in this Circuit have exercised such discretion and declined to quash subpoenas automatically based on the lack of notice absent some showing of prejudice. *In re Speer*,754 F. App'x 62, 63–64 (2d Cir. 2019), citing *Malmberg v. United States*, 2010 WL 1186573, at *2 (N.D.N.Y. 2010); *Ragusa v. United Parcel Serv.*, 2008 WL 4200288, at *1 (S.D.N.Y. 2008); see also *In re Hornbeam Corp., supra* (finding "no abuse of discretion" in a district court's decision not to quash or vacate a subpoena based on a finding that the movant "did not establish prejudice from the lack of notice").

Further, in *In re Olga Kurbatova*, the applicant requested that she not be required to serve an expected defendant in a contemplated Swiss proceeding. Case No. 18-mc-469 (S.D.N.Y. 2018). The applicant successfully argued that there would be no prejudice to the expected defendant, as he would be permitted to adjudicate the admissibility of any discovery received by the applicant in response to the application in the contemplated proceeding at the appropriate time. *Id.,* citing *Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1101 (2d Cir. 1995) (stating that discovery and admissibility under foreign law is not relevant to the Section 1782 analysis because foreign courts are more appropriately positioned to rule on these issues).

Here, as explained in the Sytenko Declaration, the discovery sought from the Respondents will assist Applicant in pleading its Intended Claims in the Ukrainian Proceedings and identify the criminal fraudsters that should further be named defendants. Sytenko Decl.

¶¶46-53. Grygoryi Sytenko further explains that, as a result of the investigation Applicant conducted, it has formed a reasonable conclusion that the Ukrainian Defendants have not only exhibited a clear intent not to pay the Debt, but Applicant has a good faith reason to believe they have fraudulently dissipated, misappropriated, or concealed their assets that should have been used to satisfy the Debt, and taken significant steps in order to organize their insolvency and evade their obligation to pay the Debt owed to Applicant. *Id*., ¶¶12-42, 59.

Therefore, notice of the Application and of the order granting the Application (should the Court grant the Application), would prejudice Applicant in that it would provide the Ukrainian Defendants and other fraudsters the opportunity to potentially further assign or conceal the assets that Applicant intends to show were misappropriated, and would frustrate and delay Applicant's full understanding of the fraudulent transfers of assets and, ultimately, Applicant's seizure of said assets in repayment of the Debt and to otherwise recover the damages it has suffered *Id*., ¶¶60

Conversely, there would be no prejudice to the party against whom the discovery is likely to be used in the Ukrainian Proceedings as it would be permitted to adjudicate the admissibility of any discovery received by Applicant in the Ukrainian Proceedings at the appropriate time. *Id*., ¶61.

In light of the foregoing, the lack of notice of the Application would not prejudice the Ukrainian Defendants, the Discovery Targets, or the Respondents. Likewise, the lack of notice of the order granting the Application (should the court grant the Application) and subpoenas to the Respondents would not prejudice the Ukrainian Defendants or the Discovery Targets. Therefore, the Court should exercise its discretion and not require Applicant to give such notice.

## CONCLUSION

WHEREFORE, Applicant meets the statutory requirements under 28 U.S.C. § 1782 and *Intel* discretionary factors, and this Application for an Order in the proposed, or substantially similar form as submitted with the Application, should be granted.

Dated: January 10, 2022

Respectfully submitted,

By: *Eugene F. Getty*
      Eugene Getty

KELLNER HERLIHY GETTY & FRIEDMAN LLP
*Attorneys for BASF T.O.V.*
470 Park Avenue South–7th Floor
New York, NY 10016-6819
Telephone: 212-889-2121
Email: efg@khgflaw.com